IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIE JAMES LANG, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-cv-1018-O |
| | § | |
| ERIC D. WILSON, Warden, | § | |
| FCI-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Willie James Lang ("Lang"), a federal prisoner confined at FCI-Fort Worth in Fort Worth, Texas. After considering the petition and the relief sought by Petitioner, the record, related briefing, and applicable law, the Court concludes that the § 2241 petition should be and is hereby **DISMISSED** for lack of jurisdiction.

**I. BACKGROUND**

Petitioner Willie James Long was convicted in the United States District Court for the Northern District of Texas, Lubbock division, in cause number 5:12-cr-119-C, of distribution and possession with intent to distribute cocaine, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. Judgment, No. 5:12-cr-119-C(1), ECF No. 34.[1] The presentence report calculated the sentence range based upon an applicable base offense level of 32 under the drug quantity table U.S.S.G. § 2D1.1(c), with an increase two levels under U.S.S.G. §2D1.1(b)(1) for the specific offense characteristic of possessing a dangerous weapon (including a

---

[1] The Court takes judicial notice of the records of the court in *United States v. Lang*, No.5:12-cr-119-C(1). *See* FED. R. EVID. 201(b)(2) and (c)(1).

firearm). PSR ¶¶ 32–33, No. 5:12-cr-119-C(1), ECF No. 24-1. After a reduction for a total of three levels for acceptance of responsibility under both U.S.S.G. §§ 3E1.1(a) and (b), Lang's total offense level came to 31, and with a criminal history category of III, the guideline imprisonment range was 135 months to 168 months. PSR ¶¶ 32–41, 98, No. 5:12-cr-119-C(1), ECF No. 24-1. The Court sentenced Lang to a term of 135 months' imprisonment, the bottom of the applicable guideline range. J., No. 5:12-cr-119-C(1), ECF No. 34; Statement of Reasons, No. 5:12-cr-119-C(1), ECF No. 35.

Although Lang filed a direct appeal, the United States Court of Appeals for the Fifth Circuit dismissed it in an unpublished opinion. See *United States v. Lang*, No. 13-11306 (5th Cir. June 30, 2014). Lang then filed a motion under 28 U.S.C. § 2255 in the convicting court, in which he asserted that counsel was ineffective for failing to challenge the drug quantity calculation. Motion to Vacate, No.5:14-cv-140-C, ECF No. 1. The court denied the § 2255 motion. Order and Judgment, No.5:14-cv-140-C, ECF Nos. 8–9. Long sought a certificate of appealability, but the Fifth Circuit denied it. *See United States v. Lang,* No.15-10124 (5th Cir. Nov. 17, 2015). Meanwhile, Lang also filed a motion to reduce sentence under 18 U.S.C. § 3582(c)(2) in the convicting court, and the court granted the motion, reducing the sentence to 108 months' imprisonment. Order Reducing Sentence, No. 5:12-cr-119-C(1), ECF No. 68. Lang then sought authorization from the Fifth Circuit to file a successive § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). He claimed, *inter alia* that the two-level adjustment to his offense level for possession of a firearm violated *Johnson*, but the Fifth Circuit denied his motion on September 29, 2016. See *United States v. Lang,* No.16-10791 (5th Cir. Sept. 29, 2016). A few weeks later, Lang filed the instant petition under 28 U.S.C. § 2241.

## II. ANALYSIS

In this petition under § 2241, Lang seeks to have the Court remove the two-level enhancement for possession of a dangerous weapon from his sentencing guideline calculation. Petition, ECF No. 1, at 2. Lang writes the following in support of this claim:

> Petitioner basis of this motion he is actually innocent of the sentence imposed due to illegal enhancement of a gun. Where as petitioner or his jury never knew of a gun enhancement until after his plea of guilty at his sentencing hearing, petitioner never admitted to a gun charge nor was a gun mentioned in his charging indictment. Accordingly, this court has jurisdiction to entertain the merit of this claim pursuant to Title 28 U.S.C. 2241–2244. Along with the above Mr. Lang will also effectively demonstrate that he is actually innocent of the sentence enhancement imposed by the court without proof beyond a reasonable doubt.

Petition, ECF No. 1, at 2.[2]

A motion under § 2255 is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001) (per curiam ) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000) (per curiam )). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir.2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir.2001)). The statutory "savings clause" provides,

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2555(e) (West Supp. 2017). Under the "savings clause", the petitioner has the burden

---

[2]This language is reproduced as presented by Petitioner.

3

of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830.

Lang fails to show that the § 2255 remedy he previously sought permission to file from the court of appeals is either inadequate or ineffective to the test the legality of his detention. Lang cannot rely on § 2241 merely because he already sought relief under § 2255 and is now limited in seeking further relief under § 2255. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir.2000) (citing *Tolliver*, 211 F.3d at 878) (holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective). Moreover, the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904 and *Jeffers*, 253 F.3d at 830).

In this case, Petitioner Lang has not made these showings, and a review of the grounds asserted in his § 2241 petition shows that he cannot make them. Petitioner does not attempt to demonstrate that he was convicted of a nonexistent offense. His petition in this case is limited to challenging the sentence that he received—specifically the sentencing enhancement. Pet. at 2, 4–6, ECF No. 1. Second, Petitioner does not seek to establish that he is actually innocent of the charges against him. *Id.* Because Petitioner challenges only his sentence, and not his conviction, his claims do not fall within the savings clause of section 2255(e). *See Brown v. United States*, No.2:11-cv-858, 2011 WL 7426968*,* at *1–2 (W.D. La. 2011) (holding that § 2241 petition seeking relief challenging imposition of sentence under U.S.S.G. § 2D1.1(b)(1)[dangerous weapon possession] did not invoke the savings clause), *rep. and rec. adopted*, 2012 WL 629362 (W.D. La. 2012); *see generally Padilla*,

4

416 F.3d at 427 (contrasting claims challenging a sentence from those challenging a conviction); *Houston v. Upton*, 460 F. App'x 419, 420 (5th Cir. 2012) (holding that "a claim of actual innocence of a sentencing enhancement does not satisfy the savings clause").

Because Lang is not entitled to relief under § 2241, his petition under § 2241 must be dismissed for want of jurisdiction. *See Christopher*, 342 F.3d at 379, 385 (noting that where a petitioner could not satisfy the § 2255 savings clause, the district court's order denying petition was vacated, and the case remanded with instructions to dismiss for lack of jurisdiction).

## III. ORDER

Accordingly, it is **ORDERED** that Petitioner Willie James Lang's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction**.**

**SO ORDERED** on this **1st day** of **February, 2018**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**